In the Matter of the Estate of BERTHA E. ESTERBROOK, Deceased.

Surrogate's Court, Kings County, May 10, 1935.

*O. Grant Esterbrook,* for the petitioner.

*Bernard Aronson,* for the objectant Harriet E. Wallace.

*Louis N. Rawley,* for the objectant Eleanor E. Lown.

WINGATE, S. By the third item of her will testatrix bequeathed seven general legacies in varying amounts to a like number of named individuals, among whom were included Lydia E. Coxe, Jesse E. Ramage, and Robert A. Chapman. The residue of her estate was given in the following terms: " All the rest, residue and remainder of my estate, both real and personal, I divide in two equal parts, and I give one-half or part thereof to my sister Lydia

E. Coxe and her daughter, Jessie E. Ramage and the survivor absolutely and the other half or part I give to the other legatees mentioned in the Third paragraph of my will, to be divided among them share and share alike."

Robert L. Chapman predeceased the testatrix and the propounded question of interpretation is as to whether the share of the residue which would have passed to him had he survived, is payable to the other persons named in item third other than Lydia E. Coxe and Jessie E. Ramage, or whether it passes as intestate property.

This question, in turn, depends upon whether or not the gift of the second half of the residue " to the other legatees mentioned in the Third paragraph of my will " is to be deemed one to a fixed and identified number of individuals, or a bequest to a fluctuating class.

In *Matter of King* (200 N. Y. 189) the court (at p. 193) points out the distinguishing point between the two varieties of gifts, by quoting and applying the rule enunciated by Vice-Chancellor KINDERSLEY in *Cruse* v. *Howell* (4 Drewry, 217) as follows: " If there is a bequest to certain persons *nominatim*, or so described as to be fixed at the time of the gift, so that there can be no fluctuation, then, if one of them dies in the lifetime of the testator, his share lapses."

It may be assumed in the case at bar that if the testatrix, instead of incorporating the names of the five legatees, other than Mrs. Coxe and Mrs. Ramage, as she did, had enumerated them again in full, no one would have had the temerity to assert that the predecease of one would not have resulted in the lapse of his benefit. (*Matter of McCafferty*, 142 Misc. 371; affd., 236 App. Div. 678.) Her actual gift, however, was in all respects identical and constituted a " bequest to certain persons * * * so described as to be fixed at the time of the gift " within the rule of *Matter of King*. Other authorities enunciating the general principle here applicable are collected in the opinion in *Matter of McCafferty* (*supra,* at pp. 380 *et seq.*).

It must be held, therefore, that the gift of the residue which the testatrix made to Robert L. Chapman lapsed by reason of his predecease, and having been made in the residuary clause of the will, passes as intestate property. (*Matter of McCafferty, supra; Matter of Weil*, 151 Misc. 841, 848; *Matter of Drake*, 153 id. 691, 693; *Matter of Lyons*, 154 id. 368, 371.)

Enter decree on notice.